Núm. 192.—VÁZQUEZ, recurrente, *v.* COMISIÓN INDUSTRIAL, ETC., Dmdada.— Julio 16, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, en julio 10, 1933, la Comisión Industrial dictó una resolución que reza como sigue:

"Vista la comunicación que con fecha 15 de los corrientes dirige a esta Comisión Industrial el Lic. Edelmiro Soldevila representante del obrero en este caso en relación con la imposibilidad en que se ha encontrado de poder trasladarse a San Juan desde su casa donde fué enviado por el especialista en enfermedades de la vista de este Organismo Dr. Luis J. Fernández, con la advertencia de que debería comparecer de nuevo dentro de dos semanas, por carecer de dinero para pagar los gastos de viaje y no proporcionárselos la Compañía Aseguradora del patrono en este caso Great American Indemnity,

la Comisión Industrial ordena de nuevo a dicha Compañía que traiga a este ·obrero ante ella para fijar el grado de incapacidad con que ha quedado y poder así dictar resolución definitiva en el caso.''

POR CUANTO, en 30 de abril de 1934, la Corte de Distrito de Humacao dictó la siguiente resolución:

''Examinados los autos del caso ante la Comisión Industrial de Puerto Rico y apareciendo de los mismos que la instancia de la Compañía Aseguradora para el archivo definitivo del caso no se fundó en evidencia legal ofrecida a, y admitida por, dicha Comisión, y apareciendo también justificada la Resolución apelada, en lo que se refiere a la Resolución que ahora dicta esta Corte, y no apareciendo notificada la apelación al lesionado, se declara sin lugar el recurso de apelación interpuesto en este caso, quedando en pleno vigor la orden o Resolución apelada y en libertad la apelante para plantear ante la Comisión Industrial, cumpliendo los requisitos legales al efecto, todos los recursos a que tenga derecho en el procedimiento.''

POR CUANTO, en 9 de enero de 1940 la Comisión dictó la siguiente resolución:

''Aparece de autos que con fecha marzo 20 de 1933 la Great American Indemnity Co. radicó en esta Comisión Industrial una carta en la cual, sustancialmente, comunica que el obrero en este caso había abandonado el tratamiento, según informes que alega tener la compañía aseguradora, y solicitando el archivo del caso.

''Como esa carta no había sido notificada con copia al obrero, la Comisión Industrial con fecha abril 15 de 1933 dictó el acuerdo Núm. 28, en su sesión Núm. 812 y notificadas las partes en abril 22 de 1933, resolviendo por dicho acuerdo la Comisión Industrial que se notificara con copia de la carta de la compañía aseguradora al obrero, a través de su abogado, para que informara lo que hubiese de cierto en la información suministrada por la aseguradora.

''Comunicado el obrero, por conducto de su abogado, de la carta antes mencionada, el Lic. Edelmiro Soldevila, en representación del obrero, en mayo 15 de 1933, contestó oponiéndose a que se accediera a lo solicitado por la compañía aseguradora y que por el contrario debería instruirse a dicha aseguradora en el sentido de que rinda el informe médico final, mandando a citar por su cuenta al obrero para practicar el correspondiente examen médico y, exponiendo como fundamento en su carta, que el obrero no había vuelto donde el oculista, Dr. Fernández, debido a que la aseguradora no le había enviado dinero alguno para el viaje ni le había dado aviso alguno en este sentido, según información que obra en su poder. De esta alegación no se dió conocimiento a la compañía aseguradora. No obstante sirvió de base para la resolución que la Comisión Industrial dictó con fecha julio 10 de 1933 y notificadas las partes en julio 18 del mismo año. En dicha resolución la Comisión Industrial ordena a la compañía aseguradora 'que traiga a este obrero ante ella para fijar el grado de incapacidad con que ha quedado y poder dictar resolución definitiva en el caso.'

"De esta resolución apeló la compañía aseguradora para ante la Corte de Distrito de Humacao, la que dictó resolución en 30 de abril de 1934, en la que, luego de confirmar la resolución antes referida de la Comisión Industrial, termina resolviendo que quede en pleno vigor la orden o resolución apelada y en libertad la apelante para plantear ante la Comisión Industrial, cumpliendo los requisitos legales al efecto, todo recurso a que tenga derecho en el procedimiento.

"De esta exposición salta a la vista que de la alegación-fundamento en esta resolución de 10 de julio de 1933 no se dió ocasión para discutirla ni refutarla a la compañía aseguradora.

"Y por lo tanto es nuestra opinión que le asiste a dicha compañía aseguradora derecho a pretender que se le dé oportunidad de ser oída para ofrecer la evidencia de que disponga a los fines de determinar si el obrero abandonó o no el tratamiento médico y si tiene derecho o no a compensación por cualquier incapacidad con que quedara afecto como consecuencia del accidente.

"Consideramos que esta resolución nuestra cubre principios de derecho y de equidad que por un motivo u otro han sido omitidos en la sustanciación de este caso y con cuyo remedio consideramos no se perjudica ninguna de las partes y que por el contrario se acelera el procedimiento ante la Comisión Industrial para que las partes puedan ofrecer la prueba de que dispongan y se pueda llegar a una conclusión definitiva en el caso cuanto antes posible."

POR CUANTO, la Comisión—después de confirmada su resolución de julio 10, 1933, por la resolución de la Corte de Distrito de Humacao dictada en 30 de abril de 1934—carecía de jurisdicción o facultades para dejar sin efecto su dicha resolución de julio 10, 1933, y abrir de nuevo el caso—no siendo uno de los *"recursos a que tenga derecho en el procedimiento"* la moción de la compañía aseguradora para dejar sin efecto la dicha resolución y abrir de nuevo el caso, presentada después de confirmada la misma, en vez de haberlo hecho antes de acudir a la Corte de Distrito de Humacao en recurso de revisión.

POR TANTO, se deja sin efecto la resolución recurrida dictada por la Comisión Industrial en enero 9, 1940, y se devuelve el caso para ulteriores procedimientos no inconsistentes con la presente resolución.

El Juez Asociado Sr. De Jesús no intervino.